Good morning Your Honors, I'm Tom Patton. I represent Stacey Haynes, the appellate. Travel in aid of racketeering in violation of 18 U.S. Code section 1952A2 does not always have as an element the use, attempted use, or threatened use of physical force against the person of another and that is because in 1998 when this trial occurred the jury was told only that they had to find that Mr. Haynes had the intent, traveled with the intent to commit a crime of violence to further an unlawful activity and thereafter committed or attempted to commit a crime of violence and the jury instructions were always the umbrella term crime of violence. Those were the elements, that was the element that the jury was told they had to find. So they were not required. Was the jury instructed as to what a crime of violence was? Yes, they received the section 16, 18 U.S. Code section 16, both A and B. And so for the 1952A2 it's different than the 924C where the 924C the judge says just find he committed here count one, the travel, and then decide whether or not he used the firearm in furtherance of that. Here they were just told he has to travel with the intent to commit the crime of violence to further the unlawful activity. He then traveled in interstate commerce and here that's crossing the Mississippi River and thereafter committed or attempted to commit a crime of violence to further an unlawful activity. But the charged crime of violence at issue was the bank robbery, right? The government's facts were a Hobbs Act robbery, but two points on that and we point this out in our main brief and reply brief and footnote that any information in the indictment beyond just the elements of the offense is surplusage that the government is not required to prove at trial and DeCamps makes clear that what we cannot do is try to look back at the prosecutor's theory of the case to try and reconstruct what a reviewing court thinks the jury, the facts the jury necessarily found. And DeCamps went to- This is not a theory of the case though. The jury necessarily had to find the robbery beyond a reasonable doubt in order to convict him of the 1952 offenses. That's the third element, right? I disagree with that, Your Honor, because they were not instructed that they had to find that Mr. Haynes committed a Hobbs Act robbery or attempted to commit a Hobbs Act robbery. They were told he had to have the intent to commit a crime of violence and then they were told that he had to travel and that he had to then commit or attempt to commit a crime of violence. They were not instructed, ever, that as an element of the offense to convict Mr. Haynes, they all unanimously had to agree that he committed or attempted to commit a Hobbs Act robbery. Factually, those are the facts the government presented and I'm not going to- The indictment did link the 1952 travel counts to specific robberies, right? They allege that he traveled- As charged in count 3 or 5 or 10. Actually no. The 924C instructions say you have to find that he did- I'm asking about the indictment. The indictment said that he traveled with the intent to commit a robbery to further extortion. As charged in- Each travel act count had that language, that he traveled to commit a crime of violence to further an unlawful activity, to wit a robbery to further extortion. As charged in count X, right? Yeah. It's not as charged in count X. The 924 ones refer, the instructions refer to the other counts. The actual substantive travel counts do not refer to other, don't incorporate other counts. But this is, and the camps I think made this as clear as they possibly could when they were discussing and discrediting the 9th Circuit's opinion in the camps where the 9th Circuit used the weapons hypothetical, a statute that, where you had a federal penalty enhancing statute that required a conviction, a prior conviction for the use of a firearm. And you had a state conviction that made it unlawful to commit a crime with a weapon. And the 9th Circuit said, basically when it says the element is weapon, that is incorporating by reference any weapon in the world that exists and we can go back and look at the way the government charged the case, we can look at the indictment, we can look at the And if we can confidently find that the weapon was a firearm, then it counts. And the Supreme Court said, absolutely not. So you cannot do that. So part of the problem, Mr. Patton, is we're looking back 20 years here, right? Yeah. And in that time, if I'm remembering this correctly, the Supreme Court has also come out with Rodriguez Moreno, which deals with venue, but also seems to tell us that under section 1952A, the elements of whatever the underlying crime of violence is, are elements of the 1952A offense. Rodriguez Moreno dealt with 924C, not 1952A, in a venue for a 1924C count. Sorry. Sorry. Yes. Okay. And so that did not speak to the elements of 1952A. And even in the 924C context, they said in Rodriguez Moreno, the underlying alleged crime of violence was a kidnapping. And then the 924C was based on the allegation that it used a firearm in furtherance of the kidnapping. And the question was, well, they grabbed the guy in Texas, but didn't have a gun, I think, until it was Maryland. But even there, the Supreme Court said the 924C count had two elements, commission of a crime of violence, use of a weapon in furtherance. If kidnapping really, if 924C really incorporated all of the elements of kidnapping, then that particular 924C case would have had five elements, because kidnapping has four elements, as we lay out in our reply brief. So even Rodriguez Moreno does not support the government's claim that the 924C incorporates all of the elements of the underlying offense, because the Supreme Court said the 924C count in Rodriguez Moreno had two elements, only two. You committed a crime of violence, you used a gun in furtherance. Kidnapping has four elements. So if the kidnapping was elements of the 924C, that 924C offense had five elements, which it does. Well, they didn't go into all that, but yeah. Right, right. Because it had to do with venue. Venue is based on where the, factually, where the offense occurred. So it didn't discuss the categorical approach at all, because you were looking at facts on the venue. So I don't think Rodriguez Moreno really adds anything to the discussion. Can I ask you, Mr. Patton, if we agree with the defendant here, he's still got three Hobbs Act robberies and three 924C violations, right? I'll put it to you this way. If we win, he does 45 years and a day. That's a win. Or he gets resentenced entirely. He'd have to be retried on the, well, if he got retried, I can't do better than 45 years and a day. No, let me, please. Okay, sorry. If I understand this correctly, on the resentencing, Judge McDade went with just one day on each of the robbery charges, right? And the travel. Correct. Right. But if he were to be resentenced, if I understand what you're correct, he would need to be resentenced as to all remaining convictions. Yes. And on that, there would be a 45-year minimum. Correct. But the judge would not have to do one day again on the robberies, correct? No, that's correct. On the robberies, yes. He could redo the robberies. And if he thought more time than 45 years was necessary, then yes. Right, okay. If I could reserve my last minute for rebuttal, please. That's fine. Mr. Walters. Good morning, Your Honors. May it please the Court. Greg Walters on behalf of the United States. The Travel Act, by incorporating a crime of violence element, necessarily encompasses multiple offenses. And the only way to identify a particular offense is to apply the modified categorical approach by looking at the indictment to see what was charged. And in this case, the underlying crime of violence alleged was Hobbs Act robbery, which this Court has held meets the elements clause of whatever definition is used. It has as an element the use, attempted use, or threatened use of physical force against the person of another. Mr. Patton focuses, interestingly, on the jury instructions in a case in which he claims the modified categorical approach shouldn't even be used, aside from looking at the definition of crime of violence. What he's using the jury instructions for, Your Honors, is to try, is really pointing out what it was, I believe, a jury instruction error in light of the subsequent case of Rodriguez Moreno, in which the Supreme Court explicitly stated before, saying it requires a proof of only two elements, to prove the charge 924C1 violation in this case, the government was required to show that the respondent used a firearm and that he committed all of the acts necessary to be subject to punishment for kidnapping. So, in a 924C conviction, just as in a travel act case, the government is required to prove the elements of the underlying crime of violence. So the fact, in this case, that the jury wasn't instructed in the 1952 count properly is not a Johnson issue. That's a jury instruction issue. There's nothing about Johnson that opens that up for re-review by this court. Statutorily, and we submit analogous Supreme Court case authority and common sense or sound reasoning should tell this court, tells the government, that this is a crime of violence. Statutorily, Your Honors, there is no reason, no principled basis, to construe 1952A2B differently than the Supreme Court has construed the crime of violence elements in 924C, or that the Fourth Circuit has construed the crime of violence element in the Violence Against Women Act, Section 2261 of Title 18. The problem, I guess, I'm struggling with on this, Mr. Walters, is that looking at, for example, the language in DeCamp, the Supreme Court seems mainly interested in being confident whether the jury found unanimously and beyond a reasonable doubt the elements of that underlying crime. Here they did. They did find the underlying crimes, but the instructions didn't make the link, right, between the 1952 charges and the related Robzack robbery charges, right? Correct. In fact, with respect to the elements clause, them being instructed by the elements clause, we agree that that was improper, that that was a question of law, whether this had as an element the use, attempted use, or threatened use of physical force. Okay. Do you agree with Mr. Patton on the consequences, if we were to agree with him? He's looking at 45 years minimum and has to be resentenced on the remaining counts, on all the surviving convictions. Yes, but I do, but I don't believe the consequences potentially should drive this court's decision with the getting back to the- No, but it's sometimes, we sometimes keep an eye on things. This court's opinion, though, if it were to find that we look at the definition of crime of violence to determine whether that's divisible, as opposed to the underlying charge or the underlying crime of violence, would have critical impact. Let me give you an example. Take it out of the context of this case. Based on Mr. Patton's argument, there is not a 924C conviction that preexisted Johnson that would survive. And why is that? Under his theory, because the government could have, prior to Johnson, relied on the residual clause or relied on the elements clause of what he calls an indivisible definition, then there's no pre-Johnson 924C conviction that survives, assuming, of course, that 924C 3B is not subject to a case-specific approach after Sessions v. DiMaia. But this court has regularly, in the context of 924C, peaked at the indictment to determine what is the underlying crime of violence that is the predicate offense for that 924C offense, and that should apply here. And does the jury have to be unanimous on the elements of the underlying offense and which crime was committed if there's more than one that would qualify? I would say yes. But this jury wasn't instructed about that? But that is not a Johnson issue, Your Honor. That is a jury instruction issue. And Johnson did not open this up for examination of whether the jury was properly instructed. What we are looking at is what were the elements of the offense charged and the fact that the jury was not properly instructed. And it is respectfully under Johnson inconsequential. Your Honor, what's clear is there is no dispute that a Hobbs Act robbery occurred for each of these travel accounts. And we would suggest that a Hobbs Act robbery in light of Anglin is a crime of violence. So the fact that the jury did not make a finding on whether this was under the elements clause or the residual clause, we would suggest that based on the state of the law, they should have never been instructed on that particular issue, which at least under the elements clause is a question of law for a court to decide, not for a jury. And again, I have to be careful given the government's changed position regarding 924C3B, so I don't want you to hold it against me in something else I briefed. But speaking of the elements clause, that is a question of law. So I see it as very inconsequential that the jury was never fully instructed on the elements of Hobbs Act robbery when they were with respect to the other accounts, and then there is no dispute in this case that this defendant committed Hobbs Act robbery, Your Honor. So your position in this case is that 952A is a divisible statute with respect to the intent that must exist at the time of the interstate travel and with respect to the crime that was committed after the interstate travel? The crime of violence element is divisible, and I think that they have to have an intent to commit a crime of violence. I think it's the same crime of violence in my reading of the statute that when it says in the clause with the intent to commit a crime of violence and then performs or attempts to perform an act under B-2, so I think it's the same crime of violence would be my reading of that, Your Honor. So 952A-2 is internally divisible? Because of the crime of violence element, in the same way that 924C is divisible because of the crime of violence element that incorporates multiple alternative offenses. There is no jurisprudential or statutory basis to construe 1952A-2B differently than 924C or than the Fourth Circuit did for 2261. And here's the paradox, Your Honor. If we charge the same crime today, indisputably, it's a crime of violence. So somehow, how did Johnson make what is a crime of violence today indisputably under the elements clause somehow not a crime of violence back in 1996? Retroactivity works the exact opposite of that. That which is a crime of violence today is, was a crime of violence in 1996 when this was committed. So for those reasons, we are asking the court, irrespective of the potential jury instruction error, which we believe Johnson does not open up for re-review, that when we look at the underlying crime of violence, it is divisible for that reason and when we see that the underlying crime of violence is Hobbs Act robbery, the analysis should stop at that point. And we would ask that you affirm the district court's judgment. Thank you. Thank you. Mr. Patton. The Hobbs Act robberies that they say the 1952A counts were based on occurred in the Central District of Illinois. That's why they're not charged as Hobbs Act robberies. You look at the jury instructions to decide whether or not a statute is divisible as to whether- No, we start with the statute. You start with the statute, but the Supreme Court has said one thing you can look at. Okay, look at the statute. Statute says crime of violence. What the Supreme Court says umbrella term. They say then you can look at the jury instructions because if it's not divisible, likely all the jury is told is you have to find the umbrella term, which is exactly what happened here. They were told- Or the option is to say what you ought to do is instruct as to a specific crime of violence and there was just an error in the instructions here. Because that's not what the statute says. The statute says the element is crime of violence. In section 16 then defines, says what a crime of violence is. Would a jury have to agree on which crime of violence?  If the case is charged tomorrow and you're defending somebody on a 1952 charge, do you think that you're entitled to instructions that would say the jury has to agree unanimously on what the intended crime of violence would be? No, because it's just, it's not an element of the offense. The statute talks of crime of violence and that's the whole discussion the Supreme Court said about a statute that just says weapon. The jury doesn't get instructed on that they have to find unanimously beyond a reasonable doubt the particular weapon. They can disagree as to what the particular weapon is and still find unanimously beyond a reasonable doubt that a weapon was used. That's a unit of prosecution question, not a question of divisibility and how to use the modified categorical approach in analyzing the statute. Your Honor, I would disagree. I'd ask you to reread DeCamps and Mathis because DeCamps and Mathis both say one way to try and answer the divisibility question is to look at the jury instructions because, and they say if the jury instructions use an umbrella term, that is a sign that it is not divisible because it is not telling the jury that they have to be unanimous as to the actual means, as Mathis uses the term means, of satisfying the umbrella element. So next month, a defendant makes a trip from Illinois over to Iowa. Four jurors think it was to meet an underage minor for sex. Four think it was to commit a robbery and four think it was to kidnap somebody. Is that good enough? No, because kidnapping doesn't have as an element to use attempted use or threatened use. They can convict them for 952A purposes. Two different robberies. Yes, they could, if they all agree that he committed a crime of violence to further an unlawful... No, no, you just intended to. Well, you have to then, after the travel, you have to then commit it or attempt to commit it. That's in 19... Oh, yeah. The B, yeah. Right. But if there's more than one set of facts that could support the conviction of a single crime, you know, your point is that this is an indivisible statute, it's a single crime, doesn't create multiple crimes. Correct. So, you would not be arguing to the district judge for a unanimity instruction that the jury had to unanimously agree on what crime was intended and what crime was either attempted or committed after the interstate travel? I might argue it, but I'm not going to get it because the statute says crime of violence. And there could be more than one crime of violence. So you would concede that unanimity is not required? When the term is crime of violence, then yes, unanimity is not required to the which, what specific crime of violence. The jury all just has to agree that there was a crime of violence. How can that be squared with Rodriguez-Marina? Because it's exactly what DeCamps says. DeCamps says when you get instructed on, and DeCamps, again, it used the weapon example. They said, look, some of the jurors might have thought it was one type of weapon. Some of the other jurors might have thought it was a different type of weapon. But as long as they all agree that there was a weapon, if they're unanimous that there was a weapon, what exact type of weapon doesn't matter. Because the element is weapon, not gun or knife. And that's our position here. The element is crime of violence, whether some of them think it was a Hobbs Act robbery, whether some of them think it was a kidnapping. And you could have more than one crime of violence in furtherance of a single unlawful activity. How does that logic apply to 924C? 924C, one of the differences between 1952 and 924C is that 924C, the case law, is that it is a question of law as to whether or not an offense is a crime of violence, right? That's not the case in 1952A. In 924C, you need to have a specific crime of violence proven, correct? Yes, but they don't even have to be charged with the crime of violence under 924C. No, but it has to be proved. To convict for 924C, right? A crime of violence has to be proven. A specific crime of violence. Beyond a reasonable doubt, with all the elements of that offense. Unanimously. The jury, I don't know that I agree with the last one, Your Honor, because it doesn't come up in 924C cases because we say it's a question of law for the judge. The judge makes the decision ahead of time. So the instruction the jury gets, for example, the 924C instructions here say, just fine, the government has to prove the Hobbs Act robbery is charged in count one. For example, the count two is a 924C based on a Hobbs Act robbery. So the jury instruction tells them, in that instance, first the government has to prove count one. If they prove count one, then decide do they use a firearm. That's not the way the instructions work in 1952. They're not told, find that he committed a Hobbs Act robbery. Just not. They're told, find that he had an intent to commit a crime of violence, and then find  they're instructed totally differently. And I think mainly because of, in the 924C context, because we say it's a question of law for the judge to decide before the question even gets to the jury. It's just not a question, the jury only is, the judge makes that determination and gets, they get instructed that way. I'm a little bit over. Thank you. Our thanks to both counsel. The case is taken under advisement.